IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
4:13-CR-42-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| KEVIN KHAALIQ BEAMON, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court yesterday, 22 July 2013, for a hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an agent with the Drug Enforcement Administration. Defendant presented the testimony of the proposed third-party custodian, his mother. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

## Background

Defendant was charged in a two-count indictment on 18 June 2013 with: conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin beginning in or about May 2012 and continuing until on or about 17 August 2012 in violation of 21 U.S.C. § 846 (ct. 1); and possession with intent to distribute 100 grams or more of heroin on or about 17 August 2012 in violation of 21U.S.C. § 841(a)(1) (ct. 2). The evidence presented at the hearing showed

that the charges arise from the recovery of 123 grams of heroin (equivalent to over 1,200 dosage units and street value of about $7,200) from a car defendant was driving on I-95 in Halifax County, North Carolina. Defendant told the police that he had obtained the heroin in New Jersey.

On 16 April 2013, while defendant was on pretrial release for the state charges arising from the 17 August 2012 incident, he was arrested in Greenville, North Carolina for possession of 153 grams of heroin (equivalent to over 1,500 dosage units).

## Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant proffered sufficient evidence to shift the burden of production to the government. In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required include the following: evidence showing that the government has a strong case, including the evidence reviewed above; the drug-related nature of the offenses charged; the circumstances of the offenses charged, including the interstate and (within North Carolina) multi-county nature of defendant's drug trafficking activity and the quantity of drugs involved; defendant's apparent continued involvement in heroin trafficking while on pretrial release for the counterpart state charges to the instant alleged offenses and doing so within the last approximately 90 days; defendant's criminal record, which is admittedly not extensive, including no felony convictions, three misdemeanor convictions, one probation revocation, and six failures to appear; the danger of continued drug-related offense conduct by defendant if released; the unsuitability of the proposed third-party custodial arrangement due to the absence of the proposed custodian from

the home for fulltime work and the extent of the risk of danger presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, such as the alleged availability of a job to defendant if released. It finds, however, that the factors favoring detention outweigh such evidence. The alleged job, for example, would be with defendant's father, who has a significant criminal record. Of perhaps greatest significance, though, in demonstrating the unsuitability of defendant for release generally is his participation in further apparent heroin trafficking while on state pretrial release only some 90 days ago. This conduct demonstrates his continued ability and willingness to engage in the trafficking of significant amounts of heroin in disregard of the conditions of pretrial release.

## **Conclusion**

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 23rd day of July 2013.

_____
James E. Gates
United States Magistrate Judge